UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. THOMAS E. CRONIN, | ) |
| | ) |
| Plaintiff, | ) Case No. 8 C 2129 |
| v. | ) |
| | ) Judge Blanche M. Manning |
| ALEXIAN BROTHERS HOSPITAL | ) |
| NETWORK, an Illinois not-for-profit | ) Magistrate Judge Sidney I. Schenkier |
| corporation, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ALEXIAN BROTHERS HEALTH SYSTEM'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant ALEXIAN BROTHERS HEALTH SYSTEM ("Defendant"), incorrectly sued herein as Alexian Brothers Hospital Network, answers the Complaint of Plaintiff Thomas E. Cronin ("Plaintiff") as follows:

**JURISDICTION AND VENUE**

1.   Plaintiff is a resident of the county of Cook, residing at 1217 Longvalley Road, Glenview, IL 60025.

**ANSWER:**   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 1 of the Complaint and therefore denies each and every allegation contained therein.

2.   Upon information and belief, Defendant is a not-for-profit corporation duly organized and existing under the laws of Illinois, engaged in the business of health care, with its principal place of business located at 361 W. Golf Road, Schaumburg, IL 60195.

**ANSWER:**   Defendant admits that it is a not-for-profit corporation incorporated under the laws of Illinois engaged in the business of health care.  Defendant denies that its principal place of business is located at 361 W. Golf Road, Schaumburg, Illinois.  Defendant denies each and every remaining allegation contained in Paragraph 2 of the Complaint.

3. Jurisdiction of this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, for damages based on the unlawful employment practice committed by Defendant is invoked pursuant to 28 U.S.C. §§1331 and 1337, and 29 U.S.C. §626(c).

**ANSWER:** Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.* Defendant denies that it has violated the ADEA, or any other federal or other statute, law, or regulation. Defendant denies each and every remaining allegation contained in Paragraph 3 of the Complaint.

4. This Court is the appropriate venue under 28 U.S.C. §1391 as the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

**ANSWER:** Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 4 of the Complaint.

## VIOLATION OF AGE DISCRIMINATION
## IN EMPLOYMENT ACT – 29 U.S.C. §§ 621 *et. seq.*

5. At all times relevant to the actions complained of here, Defendant was an employer engaged in an industry affecting commerce employing twenty (20) or more persons for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

**ANSWER:** Defendant admits the allegation contained in Paragraph 5 of the Complaint.

6. Plaintiff is 72 years old, having been born on November 16, 1935.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 6 of the Complaint and therefore denies each and every allegation contained therein.

7. In May 2000, Plaintiff was hired by Defendant; at all times relevant to the actions complained of here, Plaintiff was an employee of Defendant.

**ANSWER:** Defendant admits the allegation contained in Paragraph 7 of the Complaint.

8. Throughout his employment by Defendant, Plaintiff met applicable job qualifications, was qualified for the position which he held, and performed the job in a manner which fully met Defendant's legitimate expectations.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 8 of the Complaint.

9. In July 2005, Defendant transferred another doctor, who was, upon information and belief, significantly younger and outside of the protected age group, to the same clinic at which Plaintiff was an employee to take Plaintiff's position.

**ANSWER:** Defendant has filed simultaneously with this Answer its Partial Motion To Dismiss Plaintiff's Complaint, seeking to dismiss Plaintiff's age discrimination allegations based on events that supposedly occurred during July 2005. A further response to Paragraph 9 is not required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

10. In July 2005, Defendant cut Plaintiff's clinic hours substantially and transferred Plaintiff to the sales and marketing department for which he was unqualified.

**ANSWER:** Defendant has filed simultaneously with this Answer its Partial Motion To Dismiss Plaintiff's Complaint, seeking to dismiss Plaintiff's age discrimination allegations based on events that supposedly occurred during July 2005. A further response to Paragraph 10 is not required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 10 of the Complaint.

11. On or about May 30, 2007, Defendant officially terminated Plaintiff's position in sales, and relegated him to work in the clinic on an as-needed basis.

**ANSWER:** Defendant admits that it eliminated Plaintiff's marketing/sales position on or about May 30, 2007. Defendant denies that it "relegated" Plaintiff to work in the clinic but affirmatively states that Plaintiff did continue to work in one of Defendant's clinics on the same basis as he did before May 30, 2007. Defendant denies each and every remaining allegation contained in Paragraph 11 of the Complaint.

12. Plaintiff enjoys excellent physical and mental health and strength.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 12 of the Complaint and therefore denies each and every allegation contained therein.

13. Plaintiff's age was a motivating factor in Defendant's decision to hire a younger doctor for his position, cut Plaintiff's clinic hours, transfer him to the sales and marketing department, and eventually demote him to part-time work.

**ANSWER:** To the extent that the allegations contained in Paragraph 13 of the Complaint relate to events that supposedly occurred in July 2005, they are the subject of Defendant's Partial Motion To Dismiss Plaintiff's Complaint. A further response to Paragraph 13 is not required. To the extent that a response is required, Defendant denies that age was a motivating factor in any employment decision related to Plaintiff's employment with Defendant. Defendant denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Defendant's restructuring of Plaintiff's duties and relegation of Plaintiff to part-time work because of his age violates the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(2).

**ANSWER:** Defendant denies that it violated the ADEA or any federal or other statute, law, or regulation. Defendant denies each and every allegation contained in Paragraph 14 of the Complaint.

15. On January 15, 2008, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission and with the Illinois Human Rights Department as required by 29 U.S.C. §626(d), a copy of which is attached to this Complaint as Exhibit A.

1143428_1                                            4

**ANSWER:** Defendant admits that on or about January 15, 2008, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and accordingly denies the allegation. Defendant admits that Exhibit A to the Complaint purports to be a copy of Plaintiff's charge of discrimination. Defendant denies each and every remaining allegation contained in Paragraph 15 of the Complaint.

16. The charge was filed within three hundred (300) days after Defendant terminated Plaintiff's sales position and relegated Plaintiff to work on an as-needed basis.

**ANSWER:** Defendant denies that it "relegated" Plaintiff to work on an as-needed basis. Defendant admits the remaining allegation contained in Paragraph 16 of the Complaint.

17. The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by Plaintiff on January 17, 2008, a copy of which is attached to this Complaint as Exhibit B.

**ANSWER:** Defendant admits that Exhibit B to Plaintiff's Complaint purports to be a Notice of Right to Sue issued by the EEOC on or about January 17, 2008. Defendant denies each and every remaining allegation contained in Paragraph 17 of the Complaint.

18. Defendant knowingly, intentionally, and willfully discriminated against Plaintiff on the basis of his age in violation of 29 U.S.C. §623(a)(2) of the Age Discrimination in Employment Act.

**ANSWER:** Defendant denies that it violated the ADEA or any federal or other statute, law, or regulation. Defendant denies each and every allegation contained in Paragraph 18 of the Complaint.

19. As a result of Defendant's discriminatory practices, Plaintiff has been deprived of wages and other benefits of employment and will suffer future loss of wages and other benefits of employment.

**ANSWER:** Defendant denies that it violated the ADEA or any federal or other statute, law, or regulation. Defendant denies each and every allegation contained in Paragraph 19 of the Complaint.

20. As a result of Defendant's discriminatory practices, Plaintiff suffered emotional pain, humiliation, the mental anguish of being the object of age discrimination, and was otherwise damaged.

**ANSWER:** Defendant denies that it violated the ADEA or any federal or other statute, law, or regulation. Defendant denies each and every allegation contained in Paragraph 20 of the Complaint.

21. Plaintiff's hours would not have been cut, nor would Plaintiff have been transferred to the sales and marketing department but for Defendant's intentional age-based discrimination.

**ANSWER:** To the extent that the allegations contained in Paragraph 21 of the Complaint relate to events that supposedly occurred in July 2005, they are the subject of Defendant's Partial Motion To Dismiss Plaintiff's Complaint. A further response to Paragraph 21 is not required. To the extent that a response is required, Defendant denies that age was a motivating factor in any employment decision related to Plaintiff's employment with Defendant. Defendant further denies that it violated the ADEA or any federal or other statute, law, or regulation. Defendant denies each and every allegation contained in Paragraph 21 of the Complaint.

WHEREFORE, Plaintiff prays that the Court order such relief as is necessary to make Plaintiff whole, including:

(a) Back pay together with all other lost benefits of employment, including prejudgment interest and retroactive pension benefits;

(b) Reinstatement of his employment with Defendant with appropriate seniority and other benefits; or, if reinstatement is not feasible, award him an appropriate amount of front pay in lieu thereof;

(c) Statutory liquidated damages due to Defendant's willful conduct;

(d) Reasonable costs and litigation expenses, including reasonable expert witness fees; and

(e) Such other relief as is just and equitable

**ANSWER:** Defendant denies that Plaintiff is entitled to the relief requested or that Plaintiff is entitled to any relief.

### DEFENDANT'S AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief can be granted.

2. Plaintiff is not entitled to any of the requested relief because Defendant's conduct and decisions related to Plaintiff were motivated by legitimate, nondiscriminatory conduct.

3. Plaintiff is not entitled to any of the requested relief because Defendant did not engage in any discriminatory conduct.

4. Plaintiff is not entitled to any of the requested relief to the extent he has failed to properly mitigate his alleged damages.

5. Defendant has not engaged in any malicious, willful or intentional conduct.

6. To the extent Plaintiff asserts claims outside the scope of his EEOC charge, such claims are barred.

7. Defendant acted in good faith in accordance with applicable federal, state, and local laws and regulations prohibiting employment discrimination.

8. Plaintiff's discrimination claims are barred, and the Court lacks jurisdiction over them, to the extent they were not the subject of a timely, proper administrative charge or any other prerequisite to suit has not been met.

9. Plaintiff's discrimination and retaliation claims are barred, and the Court lacks jurisdiction over them, to the extent that Defendant did not have administrative notice of such claims, nor the opportunity to respond and, therefore, statutory prerequisites to suit has not been met.

Dated: April 21, 2008

Respectfully submitted,

**ALEXIAN BROTHERS HEALTH SYSTEM**

By: /s/ Regina W. Calabro
      One of Its Attorneys

Frank J. Saibert, Esq.
Regina W. Calabro, Esq.
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone: (312) 977-4800
Facsimile: (312) 977-4805

## CERTIFICATE OF SERVICE

      I, Regina W. Calabro, the undersigned attorney, certify that a true and correct copy of the foregoing **Defendant Alexian Brothers Hospital Network's Answer And Affirmative Defenses To Plaintiff's Complaint** was served on the parties listed below via the Court's ECF system on April 21, 2008 before 5:00 p.m. and regular first class United States mail.

**VIA EMAIL:**

| | |
|---|---|
| Samuel J. Erkonen<br>Howe & Hutton, Ltd.<br>20 North Wacker Drive<br>Suite 4200<br>Chicago, IL 60606<br>(312) 263-3001<br>sje@howehutton.com | Joshua W. Peterson<br>Howe & Hutton, Ltd.<br>20 North Wacker Drive<br>Suite 4200<br>Chicago, IL 60606<br>(312) 263-3001<br>jwp@howehutton.com |

                                      /s/ Regina W. Calabro