UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. THOMAS E. CRONIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 8 C 2129 |
| v. ) | |
| ) | Judge Blanche M. Manning |
| ALEXIAN BROTHERS HOSPITAL ) | |
| NETWORK, an Illinois not-for-profit ) | Magistrate Judge Sidney I. Schenkier |
| corporation, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ALEXIAN BROTHERS HEALTH SYSTEM'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendant ALEXIAN BROTHERS HEALTH SYSTEM ("Defendant"), incorrectly sued herein as "Alexian Brothers Hospital Network," submits the following Memorandum Of Law In Support Of Its Partial Motion To Dismiss Plaintiff's Complaint:

### I.   <u>BACKGROUND</u>

On April 15, 2008, Thomas Cronin ("Plaintiff") filed a Complaint alleging that Defendant violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* (Plaintiff's Complaint is attached to Defendant's Partial Motion To Dismiss Plaintiff's Complaint as <u>Exhibit 1</u>). Defendant hired Plaintiff in May 2000.[1] (Complaint ¶7). Plaintiff was 65 years old at the time of his hire. (Complaint ¶6). Although Plaintiff fails to state for what position Defendant hired him, he claims that "in July 2005, Defendant transferred another doctor, who was, upon information and belief, significantly younger and outside of the protected

---

[1] For purposes of Defendant's Partial Motion To Dismiss Plaintiff's Complaint only, Defendant does not dispute the allegations in Plaintiff's Complaint.

1144490_1

age group, to the same clinic at which Plaintiff was an employee to take Plaintiff's position." (Complaint ¶ 9). Plaintiff further alleges that "in July 2005, Defendant cut Plaintiff's clinic hours substantially and transferred Plaintiff to the sales and marketing department for which he was unqualified." (Complaint ¶10).

According to Plaintiff, age motivated Defendant's behavior. Plaintiff asserts that "[his] age was a motivating factor in Defendant's decision to hire a younger doctor for his position, cut Plaintiff's clinic hours, transfer him to the sales and marketing department, and eventually demote him to part-time work." (Complaint ¶ 13). Plaintiff further claims that "[his] hours would not have been cut, nor would Plaintiff have been transferred to the sales and marketing department but for Defendant's intentional age-based discrimination."[2] (Complaint ¶ 21).

Defendant's first administrative notice of Plaintiff's allegations pertaining to discriminatory events that supposedly occurred during July 2005 was Defendant's receipt of Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("Charge"), filed on January 15, 2008.[3] (A copy of the EEOC Charge is attached to Plaintiff's Complaint as <u>Exhibit A</u>). The Charge asserts that "[i]n or around July 2005 my clinical hours were cut and I was forced to work in the sales department." *Id.* These allegations are untimely and should be dismissed or stricken.[4]

## II. ARGUMENT

Fed. R. Civ. P. 12(b)(6) allows a motion to dismiss a complaint for failure to state a claim upon which relief may be granted. To survive a motion to dismiss, the complaint must: (1)

---

[2] Plaintiff also asserts that Defendant eliminated his sales position and "relegated" him to work in the clinic on an as-needed basis. (Complaint ¶¶ 11, 14). These allegations are not subject to this Partial Motion To Dismiss.

[3] Plaintiff does not allege that he filed any earlier Charge of Discrimination.

[4] Defendant had no opportunity to respond to Plaintiff's EEOC Charge. The EEOC issued a Notice of Right to Sue on January 17, 2008. (A copy of the EEOC's Notice of Right to Sue is attached to Plaintiff's Complaint as <u>Exhibit B</u>).

1144490_1

describe the claim in sufficient detail to give the defendant "fair notice of what the … claim is and the grounds upon which it rests;" and (2) "plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)). Otherwise, Plaintiff pleads himself out of court. *Id.*

Plaintiff's allegations regarding events that occurred in July 2005 fail to meet the second prong of *Bell Atlantic's* requirements because Plaintiff has no right to relief for events that occurred back in July 2005. In order for the Court to consider Plaintiff's ADEA claim, Plaintiff must have filed a predicate Charge of Discrimination with either the EEOC or the Illinois Department of Human Rights ("IDHR") **within 300 days after the alleged unlawful employment practice occurred**. *Tressel v. Combined Insurance Co. of America*, No. 01 C 6231, 2003 WL 1626528, at *7 (N.D. Ill. Mar. 27, 2003) (Guzman, J.). The 300-day clock starts running when the discriminatory act occurs, not when the consequences of the act become most painful. *Id.*

Plaintiff alleges that in July 2005, Defendant transferred him from his clinic position to a sales and marketing job for which he was unqualified and then replaced him in the clinic with a younger doctor.[5] (Complaint ¶¶ 9, 10). These events, even if true, occurred *more than two years* prior to Plaintiff's EEOC filing on January 15, 2008, which is far beyond the ADEA's 300-day required filing period. Because Plaintiff waited until January 2008 to file his Charge with the EEOC, his allegations concerning his July 2005 transfer are time-barred.

Plaintiff may argue that the elimination of his job in May 2007 is a continuation of the alleged unlawful acts that occurred in July 2005 and, therefore, the filing of his EEOC Charge for acts that occurred in July 2005 is timely. However, federal courts have firmly rejected this

---

[5] Defendant does not concede that Plaintiff's transfer constituted an adverse employment action.

1144490_1                  3

"serial" argument.

Each discrete act of alleged discrimination, such as a failure to promote, termination, or refusal to hire, constitutes a separate, actionable unlawful employment practice. *Brown v. Illinois Department of Natural Resources,* 499 F.3d 675, 680 (7th Cir. 2007) (citing *Ledbetter v. Goodyear Tire & Rubber Co.,* 127 S.Ct. 2162, 2169 (2007)); *see also National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 114, 122 S.Ct. 2061 (2002). A fresh violation takes place *each time* an act is committed. *Id.* Therefore, each discrete act requires the employee to timely file an EEOC charge pertaining to that act. *Id.*

Plaintiff's transfer in July 2005 was a separate act discreet from the elimination of his sales and marketing job in May 2007. The first time Plaintiff filed an administrative charge with respect to his July 2005 transfer was in January 2008, over two years later. Because Plaintiff waited more than 300 days to file a Charge with respect to his July 2005 transfer, his claim relating to the transfer is time-barred and should be dismissed. Specifically, the Court should strike as untimely paragraphs 9, 10, 13 and 21 of Plaintiff's Complaint.

### III. CONCLUSION

Plaintiff's Complaint includes allegations that clearly are time-barred. Accordingly, Defendant Alexian Brothers Health System requests that this Court grant its Partial Motion To Dismiss Plaintiff's Complaint and for such other relief as the Court deems fair and just.

Dated: April 21, 2008

Respectfully submitted,

**ALEXIAN BROTHERS HEALTH SYSTEM**

By: /s/ Regina W. Calabro
　　　One of Its Attorneys

Frank J. Saibert, Esq.
Regina W. Calabro, Esq.
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone: (312) 977-4800
Facsimile: (312) 977-4805