UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. THOMAS E. CRONIN, | ) |
| Plaintiff, | ) Case No. 8 C 2129 |
| v. | ) |
| | ) Judge Blanche M. Manning |
| ALEXIAN BROTHERS HOSPITAL NETWORK, an Illinois not-for-profit corporation, | ) Magistrate Judge Sidney I. Schenkier |
| Defendant. | ) |

## DEFENDANT ALEXIAN BROTHERS HEALTH SYSTEM'S
## PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant ALEXIAN BROTHERS HEALTH SYSTEM ("Defendant"), incorrectly sued herein as "Alexian Brothers Hospital Network," pursuant to Fed. R. Civ. P. 12(b)(6) moves this Court for an Order dismissing as untimely portions of plaintiff Thomas E. Cronin's ("Plaintiff") Complaint. In support of its motion, Defendant states as follows:

1. On April 15, 2008, Plaintiff filed a Complaint alleging claims against Defendant pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Plaintiff's Complaint is attached hereto as Exhibit 1.

2. Specifically, Plaintiff alleges, *inter alia,* that:

> In July 2005, Defendant transferred another doctor, who was, upon information and belief, significantly younger and outside of the protected age group, to the same clinic at which Plaintiff was an employee to take Plaintiff's position.

Complaint ¶ 9.

3. Plaintiff further alleges that:

> In July 2005, Defendant cut Plaintiff's clinic hours substantially and transferred Plaintiff to the sales and marketing department for which he was unqualified.

Complaint ¶10.

4.  Paragraph 13 of Plaintiff's Complaint alleges:

Plaintiff's age was a motivating factor in Defendant's decision to hire a younger doctor for his position, cut Plaintiff's clinic hours, transfer him to the sales and marketing department, and eventually demote him to part-time work.

5.  Finally, Paragraph 21 of Plaintiff's Complaint alleges:

Plaintiff's hours would not have been cut, nor would Plaintiff have been transferred to the sales and marketing department but for Defendant's intentional age-based discrimination.

6.  Defendant's first administrative notice of Plaintiff's allegations pertaining to discriminatory events that supposedly occurred during July 2005 was in Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("Charge") filed on January 15, 2008.[1] (A copy of the EEOC Charge is attached to Plaintiff's Complaint as <u>Exhibit A</u>).

7.  Before Defendant had an opportunity to respond to Plaintiff's EEOC Charge, the EEOC issued to Plaintiff a Notice of Right to Sue on January 17, 2008. (A copy of the EEOC's Notice of Right to Sue is attached to Plaintiff's Complaint as <u>Exhibit B</u>).

8.  Plaintiff's allegations concerning discriminatory events that purportedly occurred in July 2005 are untimely because these events supposedly occurred more than 300 days prior to the filing of Plaintiff's EEOC Charge. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061 (2002).

9.  Because Plaintiff's allegations concerning events that occurred in July 2005 are untimely, paragraphs 9, 10, 13 and 21 should be dismissed or stricken from Plaintiff's Complaint.

10. In support of its motion, Defendant submits herewith its Memorandum Of Law In Support of Its Partial Motion To Dismiss.

---

[1] Plaintiff does not allege that he filed any earlier Charge of Discrimination.

WHEREFORE, Defendant Alexian Brothers Health System respectfully requests that this Court grant its Partial Motion To Dismiss Plaintiff's Complaint and for such other relief as the Court deems fair and just.

Dated: April 21, 2008

Respectfully submitted,

**ALEXIAN BROTHERS HEALTH SYSTEM**

By: /s/ Regina W. Calabro
     One of Its Attorneys

Frank J. Saibert, Esq.
Regina W. Calabro, Esq.
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone: (312) 977-4800
Facsimile:  (312) 977-4805