UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. THOMAS E. CRONIN, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ALEXIAN BROTHERS HOSPITAL ) <br> NETWORK, an Illinois not-for-profit ) <br> corporation, ) <br> ) <br> Defendant. ) | Case No. 8 C 2129 <br><br> Judge Blanche M. Manning <br><br> Magistrate Judge Sidney I. Schenkier |

## DEFENDANT ALEXIAN BROTHERS HEALTH SYSTEM'S
## PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant ALEXIAN BROTHERS HEALTH SYSTEM ("Defendant"), incorrectly sued herein as "Alexian Brothers Hospital Network," pursuant to Fed. R. Civ. P. 12(b)(6) moves this Court for an Order dismissing as untimely portions of plaintiff Thomas E. Cronin's ("Plaintiff") Complaint. In support of its motion, Defendant states as follows:

1. On April 15, 2008, Plaintiff filed a Complaint alleging claims against Defendant pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Plaintiff's Complaint is attached hereto as Exhibit 1.

2. Specifically, Plaintiff alleges, *inter alia,* that:

> In July 2005, Defendant transferred another doctor, who was, upon information and belief, significantly younger and outside of the protected age group, to the same clinic at which Plaintiff was an employee to take Plaintiff's position.

Complaint ¶ 9.

3. Plaintiff further alleges that:

> In July 2005, Defendant cut Plaintiff's clinic hours substantially and transferred Plaintiff to the sales and marketing department for which he was unqualified.

Complaint ¶10.

4. Paragraph 13 of Plaintiff's Complaint alleges:

Plaintiff's age was a motivating factor in Defendant's decision to hire a younger doctor for his position, cut Plaintiff's clinic hours, transfer him to the sales and marketing department, and eventually demote him to part-time work.

5. Finally, Paragraph 21 of Plaintiff's Complaint alleges:

Plaintiff's hours would not have been cut, nor would Plaintiff have been transferred to the sales and marketing department but for Defendant's intentional age-based discrimination.

6. Defendant's first administrative notice of Plaintiff's allegations pertaining to discriminatory events that supposedly occurred during July 2005 was in Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("Charge") filed on January 15, 2008.[1] (A copy of the EEOC Charge is attached to Plaintiff's Complaint as <u>Exhibit A</u>).

7. Before Defendant had an opportunity to respond to Plaintiff's EEOC Charge, the EEOC issued to Plaintiff a Notice of Right to Sue on January 17, 2008. (A copy of the EEOC's Notice of Right to Sue is attached to Plaintiff's Complaint as <u>Exhibit B</u>).

8. Plaintiff's allegations concerning discriminatory events that purportedly occurred in July 2005 are untimely because these events supposedly occurred more than 300 days prior to the filing of Plaintiff's EEOC Charge. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061 (2002).

9. Because Plaintiff's allegations concerning events that occurred in July 2005 are untimely, paragraphs 9, 10, 13 and 21 should be dismissed or stricken from Plaintiff's Complaint.

10. In support of its motion, Defendant submits herewith its Memorandum Of Law In Support of Its Partial Motion To Dismiss.

---

[1] Plaintiff does not allege that he filed any earlier Charge of Discrimination.

3

WHEREFORE, Defendant Alexian Brothers Health System respectfully requests that this Court grant its Partial Motion To Dismiss Plaintiff's Complaint and for such other relief as the Court deems fair and just.

Dated: May 12, 2008

Respectfully submitted,

**ALEXIAN BROTHERS HEALTH SYSTEM**

By: /s/ Regina W. Calabro
      One of Its Attorneys

Frank J. Saibert, Esq.
Regina W. Calabro, Esq.
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone: (312) 977-4800
Facsimile: (312) 977-4805

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: APRIL 15, 2008
08CV2129    TG
JUDGE MANNING
MAGISTRATE JUDGE SCHENKIER

DR. THOMAS E. CRONIN            )
                                )
            Plaintiff           )   CIVIL ACTION
                                )
v.                              )   NO.
                                )
ALEXIAN BROTHERS HOSPITAL       )   JURY TRIAL DEMANDED
NETWORK, an Illinois not-for-profit )
corporation                     )
            Defendant           )

## COMPLAINT

Plaintiff, DR. THOMAS E. CRONIN, by and through his attorneys, Howe & Hutton, Ltd., brings this action to redress intentional age discrimination by Defendant, ALEXIAN BROTHERS HOSPITAL NETWORK. Plaintiff brings this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq.

### JURISDICTION AND VENUE

1. Plaintiff is a resident of the county of Cook, residing at 1217 Longvalley Road, Glenview, IL 60025.

2. Upon information and belief, Defendant is a not-for-profit corporation duly organized and existing under the laws of Illinois, engaged in the business of health care, with its principal place of business located at 361 W. Golf Road, Schaumburg, IL 60195.

3. Jurisdiction of this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq., for damages based on the unlawful

employment practice committed by Defendant is invoked pursuant to 28 U.S.C. §§1331 and 1337, and 29 U.S.C. §626(c).

4. This Court is the appropriate venue under 28 U.S.C. §1391 as the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT – 29 U.S.C. §§ 621 et. seq.

5. At all times relevant to the actions complained of here, Defendant was an employer engaged in an industry affecting commerce employing twenty (20) or more persons for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

6. Plaintiff is 72 years old, having been born on November 16, 1935.

7. In May 2000, Plaintiff was hired by Defendant; at all times relevant to the actions complained of here, Plaintiff was an employee of Defendant.

8. Throughout his employment by Defendant, Plaintiff met applicable job qualifications, was qualified for the position which he held, and performed the job in a manner which fully met Defendant's legitimate expectations.

9. In July 2005, Defendant transferred another doctor, who was, upon information and belief, significantly younger and outside of the protected age group, to the same clinic at which Plaintiff was an employee to take Plaintiff's position.

10. In July 2005, Defendant cut Plaintiff's clinic hours substantially and transferred Plaintiff to the sales and marketing department for which he was unqualified.

11. On or about May 30, 2007, Defendant officially terminated Plaintiff's position in sales, and relegated him to work in the clinic on an as-needed basis.

12. Plaintiff enjoys excellent physical and mental health and strength.

13. Plaintiff's age was a motivating factor in Defendant's decision to hire a younger doctor for his position, cut Plaintiff's clinic hours, transfer him to the sales and marketing department, and eventually demote him to part-time work.

14. Defendant's restructuring of Plaintiff's duties and relegation of Plaintiff to part-time work because of his age violates the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(2).

15. On January 15, 2008, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission and with the Illinois Human Rights Department as required by 29 U.S.C. §626(d), a copy of which is attached to this Complaint as Exhibit A.

16. The charge was filed within three hundred (300) days after Defendant terminated Plaintiff's sales position and relegated Plaintiff to work on an as-needed basis.

17. The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by Plaintiff on January 17, 2008, a copy of which is attached to this Complaint as Exhibit B.

18. Defendant knowingly, intentionally, and willfully discriminated against Plaintiff on the basis of his age in violation of 29 U.S.C. §623(a)(2) of the Age Discrimination in Employment Act.

19. As a result of Defendant's discriminatory practices, Plaintiff has been deprived of wages and other benefits of employment and will suffer future loss of wages and other benefits of employment.

20.  As a result of Defendant's discriminatory practices, Plaintiff suffered emotional pain, humiliation, the mental anguish of being the object of age discrimination, and was otherwise damaged.

21.  Plaintiff's hours would not have been cut, nor would Plaintiff have been transferred to the sales and marketing department but for Defendant's intentional age-based discrimination.

WHEREFORE, Plaintiff prays that the Court order such relief as is necessary to make Plaintiff whole, including:

(a) Back pay together with all other lost benefits of employment, including prejudgment interest and retroactive pension benefits;

(b) Reinstatement of his employment with Defendant with appropriate seniority and other benefits; or, if reinstatement is not feasible, award him an appropriate amount of front pay in lieu thereof;

(c) Statutory liquidated damages due to Defendant's willful conduct;

(d) Reasonable costs and litigation expenses, including reasonable expert witness fees; and

(e) Such other relief as is just and equitable

Plaintiff requests a **jury trial** of this action.

Respectfully submitted,

DR. THOMAS E. CRONIN

By: _____
One of Plaintiff's Attorneys

Jonathan T. Howe
Samuel J. Erkonen
Joshua W. Peterson
Howe & Hutton, Ltd.
20 North Wacker Drive
Suite 4200
Chicago, Illinois 60606
Telephone: (312) 263-3001
Facsimile:  (312) 372-6685

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2008-01726 |
|---|---|---|

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Dr. Thomas E. Cronin | Home Phone (Incl. Area Code)<br>(847) 486-8809 | Date of Birth<br>11-16-1935 |
|---|---|---|

Street Address: 1217 Longvalley Road, Glenview, IL 60025

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>ALEXIAN BROTHERS HOSPITAL NETWORK | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(847) 952-7447 |
|---|---|---|

Street Address: 361 W. Golf Road, Schaumburg, IL 60195

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-01-2005   Latest: 05-30-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with Respondent in or around May 2000 as a Clinical Physician. In or around July 2005 my clinical hours were cut and I was forced to work in the sales department. On or about May 30, 2007, Respondent discharged me.

I believe I have been discriminated against based on my age, 72, (DOB 11/16/1935), in violation of the Age Discrimination in Employment Act of 1967, as amended.

08CV2129     TG
JUDGE MANNING
MAGISTRATE JUDGE SCHENKIER

RECEIVED EEOC
JAN 15 2008
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jan 15, 2008  /s/ Thomas E. Cronin
Date           Charging Party Signature

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

EXHIBIT A

EEOC Form 161 (3/98)           **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Thomas E. Cronin<br>1217 Longvalley Road<br>Glenview, IL 60025 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0018 8814 7290

[ ]  On behalf of person(s) aggrieved whose identity is
     *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-01726 | Andrew Daley,<br>Investigator | (312) 886-7495 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John P. Rowe,   1/17/08
District Director   (Date Mailed)

Enclosures(s)

cc:   ALEXIAN BROTHERS HOSPITAL NETWORK



EXHIBIT B