**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DR. THOMAS E. CRONIN, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 8 C 2129 |
| | ) | |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| ALEXIAN BROTHERS HOSPITAL NETWORK, an Illinois not-for-profit Corporation, | ) | Magistrate Judge Sidney I. Schenkier |
| *Defendant.* | ) | |

**JOINT REPORT OF PARTIES AND**
**PROPOSED SCHEDULING AND DISCOVERY ORDER**

1. Conference and Names of Attorneys. Pursuant to Fed.R.Civ.P. 26(f), a conference was held on Tuesday, May 6, 2008. Participants to the conference were:

   Samuel J. Erkonen* for Plaintiff Dr. Thomas E. Cronin
   Joshua W. Peterson for Plaintiff Dr. Thomas E. Cronin
   Regina W. Calabro for Defendant Alexian Brothers Health System, Inc., incorrectly sued as Alexian Brothers Hospital Network

2. Description of Claims.

   (a) Plaintiff asserts that Defendant has intentionally and willfully discriminated against him on the basis of his age in violation of 29 U.S.C. §621 *et. seq.* The alleged discrimination began in July 2005 when Defendant transferred Plaintiff from his full-time position in the clinic to a position in the sales and marketing department with part-time work in the clinic. The discrimination continued up to the termination of his sales and marketing position and continues to date as he has been relegated to part-time work in the clinic on an as-needed basis. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. §626(c).

   (b) Defendant contends that Plaintiff will not be able to show a *prima facie* case of age discrimination. Even if Plaintiff can demonstrate a *prima facie* case of discrimination, Defendant's conduct was motivated by legitimate, non-discriminatory reasons and Plaintiff will not be able to show that Defendant's reasons were a pretext for unlawful age discrimination. In

addition, Defendant contends that Plaintiff's claims regarding events occurring in July 2005 are untimely. Defendant has pending a Partial Motion To Dismiss Plaintiff's claims regarding events that occurred in July 2005.

3. Prospects of Settlement. In light of Defendant's 12(b)(6) Partial Motion to Dismiss and the upcoming Response and Reply, the parties did not discuss settlement at the discovery conference. The parties believe that settlement discussions at this juncture are premature.

4. Pre-Discovery Disclosures. The parties will exchange by May 20, 2008 the information required by Fed.R.Civ.P. 26(a)(1).

5. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

(a) Discovery will be needed on the following subjects:

By Plaintiff:

(i) Defendant's reasons for transferring Plaintiff from his full-time position in the clinic to the sales and marketing department and part-time work in the clinic.

(ii) Defendant's reasons for terminating Plaintiff's sales and marketing position and retaining him for work in the clinic on an as-needed basis.

(iii) Evidence related to Plaintiff's job performance.

(iv) Evidence related to Defendant's treatment of other similarly situated employees outside of Plaintiff's protected class.

(v) Plaintiff reserves the right to pursue discovery on other issues and defenses that may arise during the course of the litigation.

By Defendant:

(i) Defendant will need written discovery regarding each of Plaintiff's claims. In addition, Defendant will take Plaintiff's deposition and may take the depositions of any identified factual witnesses. Defendant may also take the deposition of any disclosed expert witness.

(ii) Defendant reserves the right to pursue discovery on other issues and defenses that may arise during the course of the litigation.

(b) The parties will be allowed until June 1, 2008 to join additional parties and amend the pleadings.

(c) All non-expert fact discovery will be completed by December 1, 2008.

(d) At this time, the parties have not proposed any variations on the limits imposed by Rules 30 and 33 on deposition and/or interrogatory discovery.

(e) Reports from retained experts under Rule 26(a)(2) will be due:

from Plaintiff by December 22, 2008.
from Defendant by January 13, 2009.

(f) All retained expert depositions will be completed by March 2, 2009.

(g) All potentially dispositive motions will be filed by December 29, 2008 with the Response to be filed by January 27, 2009 and the Reply to be filed by February 10, 2009.

6. Pretrial/Trial Plan.

(a) Final Pretrial Order should be done by March, 2009.

(b) The case should be ready for trial by April, 2009 and at this time is expected to take approximately two to three days.

7. Magistrate Judge Consent. The parties have already executed a consent to have all proceedings, including trial and entry of final judgment take place before Magistrate Judge Sidney I. Schenkier.

Dated: May 20, 2008

Respectfully Submitted,

s/ Samuel J. Erkonen
One of Plaintiff's Attorneys

/s/ Frank J. Saibert
One of Defendant's Attorneys

s/ Joshua W. Peterson
One of Plaintiff's Attorneys

/s/ Regina W. Calabro
One of Defendant's Attorneys