UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. THOMAS E. CRONIN, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 8 C 2129 |
| | ) | |
| v. | ) | |
| | ) | |
| ALEXIAN BROTHERS HOSPITAL | ) | Magistrate Judge Sidney I. Schenkier |
| NETWORK, an Illinois not-for-profit | ) | |
| corporation, | ) | |
| *Defendant*. | ) | |

**PLAINTIFF DR. THOMAS E. CRONIN'S MEMORANDUM OF LAW
IN SUPORT OF HIS RESPONSE TO
<u>DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

On April 15, 2008, Plaintiff Dr. Thomas E. Cronin ("Plaintiff") filed his Complaint in the above-captioned matter alleging that Defendant Alexian Brothers Hospital Network ("Defendant") discriminated against Plaintiff on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621, *et seq*. The Complaint includes four (4) factually specific paragraphs which clearly articulate the nature of Plaintiff's lawsuit and the continuous and ongoing discrimination against him.

Defendant filed a Rule 12(b)(6) partial motion to dismiss as untimely portions of Plaintiff's Complaint. In its motion, Defendant argues that there is a heightened standard for federal pleading, and that Plaintiff has not met this standard in alleging that Defendant caused him to begin to suffer age-based discrimination beginning in May 2005 and continues to suffer the same through his termination in July 2007 and up until present day. Defendant's motion should be denied because (i) Defendant has misapplied Supreme Court and Seventh Circuit interpretations of the federal pleading standard as

provided in Rule 8(a), (ii) Plaintiff's Complaint conforms to the current notice pleading standard as the Plaintiff pleads sufficient facts to put Defendant on notice of a potential claim that the July 2005 action was not in fact time-barred, and (iii) Plaintiff should be allowed to conduct discovery to determine if the doctrine of "equitable tolling" applies to the facts alleged in the Complaint.

## I. STANDARD OF REVIEW

Rule 12(b)(6) of the *Federal Rules of Civil Procedure* permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted…." To survive a Rule 12(b)(6) motion, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) (citing Fed.R.Civ.P. 8(a)(2)). The "factual detail in a complaint" must not "be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers*, 499 F.3d 663, 667 (7th Cir. 2007).

In reviewing Defendant's Motion, this Court must view the allegations in the Complaint in the light most favorable to the Plaintiff and draw all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir. 2006).

### II. DEFENDANT INCORRECTLY APPLIES *TWOMBLY* AND *CONCENTRA* TO THE FEDERAL NOTICE PLEADING STANDARD FOR EMPLOYMENT DISCRIMINATION CASES

In arguing that some of Plaintiff's allegations do not meet the recently retooled standard of federal pleading, Defendant cited the two-pronged test in *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773 (7th Cir. 2007), and *Twombly* which provides that the complaint must (1) describe the claim in sufficient detail to give the defendant "fair notice of what the …claim is and the grounds upon which it rests, and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court." Id. at 777. Proving that the lower federal courts were still in the experimental stages of their application of *Twombly*, the Seventh Circuit in *Concentra* was unsure of the precedent it was setting for future employment discrimination complaints when the Court stated that "it was doubtful" that *Twombly* "changed the level of detail required by notice pleading" under Rule 8(a). Id. at 782 n.4.

In fact, the Court itself in *Twombly*, an antitrust case, was unsure of the application to employment discrimination cases as evidenced by the fact that it reaffirmed its decision in *Swierkiewicz v. Sorema, NA*, 122 S.Ct. 992 (2002), a lawsuit brought by an employee asserting claims of racial discrimination in violation of Title VII, and under the ADEA. *Twombly,* 127 S.Ct. at 1973. In *Swierkiewicz* the Court explicitly rejected heightened pleading in employment discrimination cases, noting that a "heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz,*

122 S.Ct. at 998 (quoting Fed.R.Civ.P. 8(a)(2)). Had the Court in *Twombly* intended that its new heightened pleading standard apply to employment discrimination cases as well, it would not have bothered to reaffirm its decision in *Swierkiewicz* to reject the application of the heighted pleading standard to employment discrimination complaints. Instead, the Court in *Twombly* conceded that its decision does not run counter to *Swierkiewicz* which held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination." *Twombly,* 127 S.Ct. at 1973 (quoting *Swierkiewicz,* 122 S.Ct. at 996).

Two weeks after the Supreme Court decided *Twombly,* it issued its decision in *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), whereby it once again rejected the heightened pleading standard for employment discrimination complaints. *Erickson* reaffirmed that under Rule 8 "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson,* 127 S.Ct. at 2220 (quoting *Conley v. Gibson,* 78 S.Ct. 99, 103 (1957)).

The Seventh Circuit has not applied, and can be expected to continue to avoid applying, *Concentra's* two-pronged interpretation of *Twombly*. Instead, starting with *Airborne Beepers*, it will apply *Twombly* as read together with *Erickson*, effectively rendering the second prong of *Concentra's* test obsolete. "In *Airborne Beepers* we read *Twombly* together with … *Erickson,* and observed that 'we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.'" *Killingsworth*, 507 F.3d at 619 (quoting *Airborne Beepers,* 499 F.3d at 667). Finally, in its latest decision on the point, the Seventh Circuit in *EEOC v.*

*McIntyre Group, Ltd.,* No. 07 CV 5458 N.D. Ill., 2007 WL 4365367, Dec. 11, 2007 (Judge Lindberg) (attached hereto as Exhibit A) agreed with the *Airborne Beepers* and *Killingsworth* interpretation of *Twombly* and *Erickson* that "*Bell Atlantic* does not require the Court to apply a heightened pleading standard to complaints alleging employment discrimination." 2007 WL 4365367 at *1; (citing *Erickson*, 127 S.Ct. at 2200; *Twombly*, 127 S.Ct. at 1974; *Concentra Health Servs., Inc.,* 496 F.3d at 782).

With the line of cases beginning with *Airborne Beepers*, the Seventh Circuit has effectively eliminated the second prong of the *Concentra* test, the prong Defendant in this case argues plaintiff did not satisfy. This Court should instead look to see if Plaintiff's Complaint contains sufficient facts, which are not impermissibly sketchy, to place Defendant on notice of the claims against it in this case, according to the requirements set forth under *Airborne Beepers, Killingsworth* and *McIntyre Group*.

### III. PLAINTIFF'S COMPLAINT MEETS THE SEVENTH CIRCUIT'S CURRENT INTERPRETATION OF THE FEDERAL PLEADING STANDARD

**A. The Complaint Places Defendant on Sufficient Notice of the Plaintiff's Claims**

Plaintiff's complaint meets the notice pleading standard outlined by Rule 8 and *Airborne Beepers* and its progeny because it contains enough factual detail to "provide the type of notice of the claim to which the Defendant is entitled under Rule 8." *Airborne Beepers*, 499 F.3d at 667. Specifically, the Complaint alleges: "In July 2005, Defendant transferred another doctor…significantly younger and outside of the protected age group, to the same clinic at which Plaintiff was an employee to take Plaintiff's position." Cmplt. at ¶ 9. "In July 2005, Defendant cut Plaintiff's clinic hours substantially and transferred Plaintiff to the sales and marketing department for which he was unqualified." Cmplt. at

¶ 10. "On or about May 30, 2007, Defendant officially terminated Plaintiff's position in sales, and relegated him to work in the clinic on an as-need basis." Cmplt. at ¶ 11. These facts certainly provide Defendant enough information in terms of the time period and dates, specific personnel departments, potential witnesses and scope to investigate the claims Plaintiff has made against it.

Defendant argues that Plaintiff has not satisfied the second prong of the *Concentra* requirement because he has no right to relief for events that occurred back in July 2005. Even if this Court applies the heightened standard of pleading based on the second prong of the *Concentra* test, Plaintiff has alleged sufficient facts to "plausibly suggest that the plaintiff has a right to relief … above a speculative level." *Concentra*, 496 F.3d at 776.

Indeed, Plaintiff has given Defendant enough facts to enable it to go as far as suggesting a counterargument – a *plausible* suggestion that Plaintiff has a right to relief - that that Plaintiff would make in its own Response. "Plaintiff may argue that the elimination of his job in May 2007 is a continuation of the alleged unlawful acts that occurred in July 2005 and, therefore, the filing of his EEOC Charge for acts that occurred in July 2005 is timely." Def.'s Memo. P. 3. If Defendant was indeed given insufficient factual detail to the claims brought against it, it certainly could not have put forth a viable argument against it, nor could it have tried to put words in Plaintiff's mouth as it has done.

**B. Plaintiff is Entitled to Discover Facts Leading to the Claim of Equitable Tolling Pleaded in the Complaint**

Using the allegations in Plaintiff's Complaint, Defendant argues that Plaintiff has pleaded himself out of court with respect to his July 2005 transfer. "In order for the Court to consider Plaintiff's ADEA claim, Plaintiff must have filed a predicate Charge of Discrimination with either the EEOC or the Illinois Department of Human Rights within 300 days after the alleged unlawful employment practice occurred." Id. Moreover, "the 300-day clock starts running when the discriminatory act occurs, not when the consequences of the act become most painful." Id. Thus, Defendant argues, "[b]ecause Plaintiff waited until January 2008 to file his Charge with the EEOC, his allegations concerning his July 2005 transfer are time-barred." Id.

Although the ADEA requires potential plaintiffs to file a complaint with the EEOC within 300 days of the alleged discriminatory practice, 29 U.S.C. § 626(d)(2), the time period for filing a charge is subject to equitable modifications such as "equitable tolling." *Chakonas v. City of Chicago,* 42 F.3d 1132, 1135 (7th Cir. 1994); *National R.R. Passenger Corp. v. Morgan,* 122 S.Ct. 2061, 2072 (2002). "Equitable tolling is appropriate when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim." *Chakonas,* 42 F.3d at 1135 (citing *Cada v. Baxter Healthcare Corp*, 920 F. 2d 446, 451 (7th Cir. 1990)). "To determine whether a plaintiff in fact lacked vital information, a court should ask whether a reasonable person in the plaintiff's position would have been aware that he" had suffered an adverse employment action "in *possible* violation of the ADEA." Id.

In its Motion, Defendant has so effortlessly applied hindsight to claim that Plaintiff's transfer to the sales and marketing department and his termination two years

later were two different acts. Plaintiff asks this court instead to view this two year period not with hindsight but through Plaintiff's eyes as the events unfolded. After paragraphs 9-11 in his Complaint, which chronologically detail Defendant's actions taken against him, Plaintiff puts the whole two-year period in perspective by claiming that "Plaintiff's age was a motivating factor in Defendant's decision to hire a younger doctor for his position, cut Plaintiff's clinic hours, transfer him to the sales and marketing department, and eventually demote him to part-time work." Cmplt. at ¶ 12. This is certainly enough factual detail to put Defendant on notice that Plaintiff may have a plausible claim using the doctrine of equitable tolling.

The Federal Rules afford plaintiffs the opportunity to prove their cases. In doing so, the purpose of discovery is to allow the parties to gather information and investigate the claims and defenses. Considering that discovery has not even begun in this case, this Court should not deny Plaintiff the opportunity to discover information, based on the sufficiently pleaded facts, which could lead to a claim derived from the doctrine of equitable tolling.

Viewed in their entirety, the facts alleged in the Complaint show that evidence may exist proving that Defendant's actions were not two discrete acts or a patent case of continuing discrimination. Rather, viewed in their entirety, the facts are sufficient to suggest that Defendant's actions over the course of two years may have added up to an inconspicuous, latent attempt to phase out the old doctor and bring in a younger staff, all of which he was oblivious to until he was officially terminated and faced with only a handful of hours of scheduled clinic work each week.

Specifically, it would be inappropriate for this Court to deny Plaintiff the right to discover information as to why Defendant transferred him to a different department, but still allowed him to work part-time in the clinic, rather than terminating him immediately based on performance related issues. Perhaps they convinced him that they could make better use of his skill set in the sales and marketing department.

It would be inappropriate for this Court to limit Plaintiff's ability to discover the possibility that he was duped into believing that his work in the sales and marketing department was not permanent and that he would be returned to full-time status in the clinic once there was more work. Perhaps Defendant told him his transfer would not be permanent given that Defendant paid him to work in the clinic part time.

Finally, it would be inappropriate for this Court to deny Plaintiff the right to discover information as to why Defendant allowed Plaintiff after he transferred departments, and continues to allow Plaintiff after Defendant terminated his full-time position, to work in the clinic on a part-time basis if he was originally transferred on account of his performance and not because of his age.

Therefore, even under the heightened pleading standard Defendant asks this Court to apply, Plaintiff has demonstrated above, using only facts alleged in his Complaint, that he has a plausible argument that his claim of adverse employment action taken in July 2005 is not time-barred.

### IV. CONCLUSION

The Complaint clearly conforms to the current notice pleading standard, as the Plaintiff pleads sufficient facts to put Defendant on notice of a potential claim that the July 2005 action was not in fact time-barred. Defendant has misapplied the Seventh

Circuit's interpretation of Rule 8 and an adoption of its application would impose a heightened fact pleading standard that is contrary to the Federal Rules of Civil Procedure as well as Seventh Circuit and Supreme Court precedent. Plaintiff, therefore, is entitled to take discovery based upon the allegations in the Complaint.

WHEREFORE, Plaintiff respectfully requests that Defendant's Partial Motion to Dismiss Plaintiff's Complaint be denied. In the alternative, Plaintiff requests that this Court convert Defendant's Rule 12(b)(6) motion into a Rule 12(e) motion and specify what it believes is unclear about the Complaint so that Plaintiff may clarify his claims.

Dated: May 23, 2008

                                        Respectfully submitted,

                                        **DR. THOMAS E. CRONIN**

                                        By: s/ Joshua W. Peterson____
                                              One of Plaintiff's Attorneys

Samuel J. Erkonen
Joshua W. Peterson
Howe & Hutton, Ltd.
20 N. Wacker Dr., Suite 4200
Chicago, IL 60606
Telephone: (312) 263-3001
Facsimile: (312) 372-6685

Westlaw.

Slip Copy
Slip Copy, 2007 WL 4365367 (N.D.Ill.), 90 Empl. Prac. Dec. P 43,054
(Cite as: 2007 WL 4365367 (N.D.Ill.))

Page 1

C
E.E.O.C. v. **McIntyre** Group, Ltd.
N.D.Ill.,2007.

United States District Court,N.D. Illinois,Eastern Division.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
v.
McINTYRE GROUP, LTD., Defendant.
**Civil Action No. 07 CV 5458.**

Dec. 11, 2007.

Aaron R. Decamp, Diane Ilene Smason, John C. Hendrickson, United States Equal Employment Opportunity Commission, Chicago, IL, for Plaintiff.
Anne Elizabeth Duprey, John W. Powers, Seyfarth Shaw LLP, Chicago, IL, for Defendant.

*MEMORANDUM AND ORDER*

GEORGE W. LINDBERG, Senior District Judge.
*1 On September 27, 2007, Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed a complaint against Defendant McIntyre Group, Ltd. ("McIntyre") pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The complaint was filed "to correct unlawful employment practices on the basis of race and ... provide appropriate relief to Charging Party Mark Hedgeman [ ("Hedgeman") ] and various classes of employees who were adversely affected by such practices."It also alleges claims for "retaliation against Hedgeman and various classes of employees who were adversely affected by such practices."McIntyre moved to dismiss the EEOC's complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) on October 18, 2007. McIntyre's motion is denied.

*Legal Standard-Rule 12(b)(6) Motions*

Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted...."FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"*Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir.2007) (citation omitted). This requirement

impose[s] two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'...Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court.

*Id.* (citations omitted); *see also Killingsworth v. HSBC Bank Nev., N.A.,* No. 06-1616, 2007 WL 3307084, at *3 (7th Cir. Nov.9, 2007) ("The [Supreme Court] explained in *Bell Atlantic* that the 'plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'...Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'") (citations omitted). When determining whether the EEOC has cleared these hurdles, the Court "accept[s] the complaint's well-pleaded allegations as true and draw[s] all favorable inferences for [the EEOC]."*Killingsworth,* No. 06-1616, 2007 WL 3307084, at *2 (citation omitted).

As an initial matter, the EEOC takes issue with McIntyre's interpretation of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly,* ---U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). McIntyre's motion provides that "the Supreme Court clarified and redefined" the notice pleading standard stated in Rule 8(a)(2).SeeFED. R. CIV. P.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT A

Slip Copy                                                                                                                    Page 2
Slip Copy, 2007 WL 4365367 (N.D.Ill.), 90 Empl. Prac. Dec. P 43,054
**(Cite as: 2007 WL 4365367 (N.D.Ill.))**

8(a)(2) ("A pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...."). The EEOC disputes McIntyre's reading of *Bell Atlantic.* Specifically, the EEOC argues that the Supreme Court's decision did not "overhaul[ ] the notice pleading standard" or impose "a heightened fact pleading standard" in employment discrimination cases; rather, it "merely up the oft-quoted language in *Conley v. Gibson* ...that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court agrees with McIntyre that *Bell Atlantic* retooled federal pleading standards. *See Killingsworth,* No. 06-1616, 2007 WL 3307084, at *2 ("In *Bell Atlantic,* the Supreme Court retooled federal pleading standards, retiring the oft-quoted *Conley* formulation that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (citations omitted). That noted, the Court also agrees that *Bell Atlantic* does not require the Court to apply a heightened pleading standard to complaints alleging employment discrimination. *See id.,* at *3; *see also Erickson v. Pardus,* --- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Bell Atlantic,* 127 S.Ct. at 1974;*Concentra Health Servs., Inc.,* 496 F.3d at 782.

*Analysis*

*2 In support of its motion, McIntyre argues that the "claims asserted by [the] EEOC ... do not meet the federal pleading standard."Specifically, McIntyre contends that the complaint "is patently deficient ... because it contains not a single factual allegation in support of [the] EEOC's claims of class-wide discrimination and retaliation."McIntyre adds that the "EEOC offers no facts whatsoever to support its broad class claims (or to support its claims that Hedgeman was individually subjected to discrimination and harassment, which are essentially intermingled with the class claims)." Finally, McIntyre suggests that because the EEOC's complaint "does not contain any factual allegations from which the identity of a single class member is apparent or may be discerned[,] ... McIntyre cannot conceivably be on notice as to the claims against it or the grounds therefor."

Paragraph 7 of the EEOC's complaint provides, in part:

Since at least 2004, [McIntyre] has engaged in unlawful employment practices at its facility in University Park, Illinois, in violation of ... Title VII.... These unlawful employment practices, include, but are not limited to, the following:

(a) discriminating against Hedgeman and a class of employees by subjecting them to harassment because of their race, African American;

(b) subjecting a class of African American employees to different terms and conditions of employment by paying them less than similarly situated non-African American employees;

(c) subjecting a class of African American employees to different terms and conditions of employment by failing to promote qualified African-American employees;

(d) retaliating against [Hedgeman] by failing to promote him because he complained to [McIntyre] about race harassment and/or discrimination in the workplace;

(e) retaliating against [Hedgeman] and a class of employees by terminating them because they complained to [McIntyre] about race harassment and/or discrimination in the workplace; [and]

(f) retaliating against a class of employees by engaging in conduct (withholding [ ]or threatening to withhold[ ] employee bonuses because

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 4365367 (N.D.Ill.), 90 Empl. Prac. Dec. P 43,054
**(Cite as: 2007 WL 4365367 (N.D.Ill.))**

Page 3

a charge of discrimination was filed with [the] EEOC) that intimidated, or had the effect of intimidating, employees from and created disincentives for engaging in protective [sic] activ- ity.

(Compl., at ¶ 7.) After reviewing the allegations included in paragraph 7, the Court concludes that they provide McIntyre with fair notice of the EEOC's claims and the grounds upon which they rest. *See Concentra Health Servs., Inc.,* 496 F.3d at 781-82 ("[A] plaintiff alleging employment discrimination on the basis of race, sex[,] or some other factor governed by 42 U.S.C. § 2000e-2 may allege the defendant's intent quite generally: "I was turned down for a job because of my race' is all a complaint has to say.'...People have reasonably clear ideas of how a racially biased person might behave, and a defendant responding to an allegation of racial bias can anticipate the sort of evidence that may be brought to bear and can investigate the claim....[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim.") (citations omitted) [FN1]; *see also Erickson,* 127 S.Ct. at 2200 ("[s]pecific facts are not necessary") (citations omitted); *Killingsworth,* No. 06-1616, 2007 WL 3307084, at *3. And when taken as true (*see Killingsworth,* No. 06-1616, 2007 WL 3307084, at *2), the Court finds that the allegations plausibly suggest that the EEOC is entitled to relief. *See Concentra Health Servs., Inc.,* 496 F.3d at 776.

> FN1.*Concentra Health Servs., Inc.* may be factually distinguished from the instant case. In *Concentra Health Servs., Inc.,* the Seventh Circuit affirmed the dismissal of a retaliation complaint that did not "specify the 'conduct in the workplace' " reported by the charging party. 496 F.3d at 781. Specifically, the amended complaint did "not specify the nature of the conduct [that the charging party] reported to [the defendant] other than to indicate that [the char-

ging party] reasonably believed that it violated Title VII."*Id.* at 776.In affirming the district court's dismissal, the Seventh Circuit noted that "[p]recedent confirms that a plaintiff like the EEOC alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected."*Id.* at 781.The Seventh Circuit therefore found that the "proper analogue for the [amended] complaint [wa]s not a complaint alleging racial discrimination in hiring; it [wa]s a complaint in which the plaintiff withholds the basis upon which she suspects her employer acted: 'I was turned down for a job for a reason forbidden by Title VII.'To permit the EEOC's complaint would reward obfuscation, a perverse result."*Id.* at 782.

*3 With respect to McIntyre's argument that the EEOC's failure to identify class members mandates dismissal under Rule 12(b)(6), the Court notes that McIntyre cites to no authority to support its position. Specifically, the citation to *Bell Atlantic* provided by McIntyre does not suggest that the EEOC must identify class members to survive a Rule 12(b)(6) motion. *See Bell Atlantic,* 127 S.Ct. at 1964-65. Moreover, paragraph 7 provides (1) the relevant time period during which the alleged unlawful acts occurred, (2) the specific facility at which they allegedly occurred, (3) the race of the employees against which the alleged unlawful acts were perpetrated, (4) specific unlawful acts that were allegedly perpetrated, and (5) specific protected activities under Title VII that McIntyre allegedly acted to thwart. The Court therefore concludes that McIntyre's argument lacks merit. *See Erickson,* 127 S.Ct. at 2200;*Killingsworth,* No. 06-1616, 2007 WL 3307084, at *3;*Concentra Health Servs., Inc.,* 496 F.3d at 776.

**ORDERED:** McIntyre's Motion to Dismiss the Complaint [8] is denied. McIntyre is ordered to answer the EEOC's complaint on or before December

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 4365367 (N.D.Ill.), 90 Empl. Prac. Dec. P 43,054
**(Cite as: 2007 WL 4365367 (N.D.Ill.))**

Page 4

21, 2007.

N.D.Ill.,2007.
E.E.O.C. v. McIntyre Group, Ltd.
Slip Copy, 2007 WL 4365367 (N.D.Ill.), 90 Empl. Prac. Dec. P 43,054

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.