IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. THOMAS E. CRONIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8 C 2129 |
| v. | ) | |
| | ) | |
| ALEXIAN BROTHERS HOSPITAL NETWORK, an Illinois not-for-profit corporation, | ) ) ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ALEXIAN BROTHERS HEALTH SYSTEM'S REPLY
IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Alexian Brothers Health System ("Defendant" or "Alexian"), incorrectly sued herein as "Alexian Brothers Hospital Network," submits the following Reply In Support Of Its Partial Motion To Dismiss Plaintiff's Complaint:

## I.   ARGUMENT

### A.   Plaintiff Is Not Entitled To Relief For Events That Occurred In July 2005

Plaintiff Dr. Thomas E. Cronin ("plaintiff") misses the mark in his Memorandum Of Law In Support Of His Response To Defendant's Partial Motion To Dismiss Plaintiff's Complaint ("Pl. Mem."). He spends a full six (6) pages of his brief discussing the current state of federal pleading standards and then argues that his complaint meets those standards.

But Alexian is not alleging a mere pleading defect or arguing that plaintiff's allegations are "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To the contrary, plaintiff's allegations are so clear that they demonstrate conclusively that plaintiff is not entitled to relief for events which occurred back in July 2005.

Plaintiff complains that in July 2005, Alexian cut his clinic hours substantially, replaced him in the clinic with a younger doctor and transferred him to the sales and marketing department. (Complaint ¶ 9 and ¶ 10). Plaintiff admits that he failed to file any administrative charge regarding the July 2005 allegations until January 2008 (Complaint, Exhibit A), well beyond that statutorily mandated 300-day limitations period. Plaintiff does not try to argue that the events of July 2005 and May 2007 are of a continuing violation, nor could he. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Tressel v. Combined Ins. Co. of America,* 2003 WL 1626528, at *8 (N.D. Ill. 2003). Therefore, on their face, the complaint allegations pertaining to events that occurred in July 2005 are time-barred and cannot be a basis for relief. *See e.g., Killingsworth,* 507 F.3d at 623 ("The renewals, according to the complaint, occurred at six-month intervals after the original policy was issued. This conduct occurred after FACTA's effective date and therefore is not actionable.") The Court should so rule.

B.      **Plaintiff Is Not Entitled To Equitable Tolling**

Plaintiff nevertheless argues that he is entitled to equitable tolling, or at least discovery on the issue. This argument is not very plausible. Equitable tolling is appropriate only when "a reasonable person in the plaintiff's position would have been aware that he has been fired in *possible* violation of the ADEA. . . If a reasonable person would have been aware, but the plaintiff was not, resort to equitable tolling is inappropriate." *Chakonas v. City of Chicago,* 42 F.3d 1132, 1135 (7th Cir. 1994) (emphasis in original); *see also Cada v. Baxter healthcare Corporation,* 920 F.2d 446, 451 (7th Cir. 1991). Further, "[t]he qualification 'possible' is important. If a plaintiff were entitled to have all the time he needed to be *certain* his rights had been violated, the statute of limitations would never run – for even after judgment, there is no

certainty." *Chakonas*, 42 F.3d at 1136 (emphasis in original); *see also Cada,* 920 F.2d at 451. "A plaintiff who is aware of his injury is not allowed to wait until the time that he becomes aware of its unlawful nature." *Chakonas,* 42 F.3d at 1136. But that is precisely what plaintiff seeks here.

Here, plaintiff, as of July 2005, had all the facts he needed to make a reasonable judgment about whether what happened to him in July 2005 may have implicated the Age Discrimination in Employment Act. He knew then that he was in the protected class ; he knew then that he was being transferred; he knew then that his hours were being cut; he knew then that Alexian was bringing in a younger physician. What more, really, is there to discover? Under these circumstances, equitable tolling and discovery about equitable tolling would not be appropriate.

Plaintiff's own inaction precludes liability on his alleged claims stemming from events that occurred years ago in July 2005. Accordingly, plaintiff is not entitled to equitable tolling and any allegations relating to the 2005 events should be dismissed.

**C.**　**Alexian's Motion Should Not Be Converted To A Rule 12(e) Motion**

Plaintiff requests, in the alternative, that Alexian's motion be converted "into a Rule 12(e) motion and specify what it believes is unclear about the complaint so that Plaintiff may clarify his claims." (Pl. Mem. at 1). But again, there is nothing unclear about the complaint, which on its face requires dismissal of the claims relating to July 2005 events.

## II. CONCLUSION

Plaintiff's complaint includes allegations that clearly are time-barred. Accordingly, Defendant Alexian Brothers Health System, Inc. requests that this Court grant its Partial Motion To Dismiss Plaintiff's Complaint and for such other relief as the Court deems fair and just.

Dated: June 4, 2008                    Respectfully submitted,

**ALEXIAN BROTHERS HEALTH SYSTEM**

By: /s/ Regina W. Calabro
      One of Its Attorneys

Frank J. Saibert, Esq.
Regina W. Calabro, Esq.
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois  60602
Telephone: (312) 977-4800
Facsimile:  (312) 977-4805
fjsaibert@uhlaw.com
rwcalabro@uhlaw.com

## **CERTIFICATE OF SERVICE**

I, Regina W. Calabro, the undersigned attorney, certify that a true and correct copy of the foregoing **Defendant Alexian Brothers Health System's Reply In Support Of Its Partial Motion To Dismiss** was served on the parties listed below via the Court's ECF system on June 4, 2008 before 5:00 p.m. and regular first class United States mail.

Samuel J. Erkonen
Joshua W. Peterson
Howe & Hutton, Ltd.
20 North Wacker Drive
Suite 4200
Chicago, IL 60606
(312) 263-3001
sje@howehutton.com
jwp@howehutton.com



                                                          /s/ Regina W. Calabro