# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DR. THOMAS E. CRONIN, | ) |
| Plaintiff, | ) Case No. 8 C 2129 |
| v. | ) |
| | ) Magistrate Judge Sidney I. Schenkier |
| ALEXIAN BROTHERS HOSPITAL NETWORK, an Illinois not-for-profit corporation, | ) ) ) ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION AND HIPAA ORDER

Subject to the approval of this Court, plaintiff DR. THOMAS E. CRONIN ("Plaintiff") and defendant ALEXIAN BROTHERS HEALTH SYSTEMS, INC., incorrectly sued as Alexian Brothers Hospital Network ("Defendant"), (hereinafter the "Parties") hereby stipulate to the following protective order:

1. Until further order of the Court or stipulation of the Parties, any documentation (whether in paper, electronic, or other format) or testimony regarding "Confidential Information," as defined in paragraph 2 below, of any Party or witness, including, but not limited to, such information contained in answers to interrogatories, responses to requests for admissions, documents or physical items produced by any Party, deposition testimony and medical records, shall be subject to this Order. This Order shall not extend to testimony given at the trial of this matter.

2. Any Party may designate as CONFIDENTIAL any *when counsel of record has determined, in good faith, that* non-public documents or information which it produces in the course of discovery proceedings herein. SIS 06/24/08

    a. ~~when~~ such documents contain trade secrets or sensitive proprietary, commercial, financial or business information, the public disclosure of which may have an adverse effect on


EXHIBIT A

the commercial, business or financial position of the person or entity producing it; and

    b.    ~~when~~ such documents or information contains personal information of individuals not a Party to this litigation which includes, but is not limited to, social security numbers, home addresses, telephone numbers, disciplinary histories, payroll records and other financial information, and information regarding any medical or psychological condition.

~~The Parties' counsel shall act in good faith when determining which materials are designated CONFIDENTIAL.~~

SIS 06/24/08

    3.    The following will not constitute Confidential Information for purposes of this Order: (a) information which is or becomes generally available to the public other than as a result of a disclosure in violation of this Order; and (b) information which can be shown by any Party to have been already known to the public prior to being produced in this matter.

    4.    Information may be designated as Confidential Information pursuant to this Order by: (a) the person or entity producing it; or (b) either Party, if the information is produced by another person or entity and contains or is Confidential Information.

    5.    A Party may, as provided herein and subject to the terms and conditions herein, designate as confidential any Confidential Information that it produces by marking such documents with the legend "CONFIDENTIAL" at the time copies are produced to the receiving Party and all documents or information so designated shall be used by the recipient of such documents or information solely for the purpose of this matter. Information produced by the opposing Party or third-Parties and not designated as Confidential Information when produced may be designated as Confidential Information by either Party according to the methods in this paragraph within twenty-one (21) days of receipt. All information produced by the opposing Party or third-Parties shall be treated as Confidential Information for twenty-one (21) days after their production unless the information in the documents or transcript is otherwise designated

1163660_1

2

prior to that time. A preliminary production of documents for the purpose of inspection and designation for copying by the receiving Party shall not constitute a waiver of confidentiality even if those documents have not been marked CONFIDENTIAL. If documents produced for the purpose of inspection and designation for copying have not been marked CONFIDENTIAL prior to inspection by the receiving Party, such inspection shall be made only by counsel of record for the receiving Party and the associates, paralegals and secretaries of said counsel who are actively engaged in assisting such counsel in this matter.

6. Any portion of deposition testimony given in this matter may be designated as CONFIDENTIAL by advising the reporter of such fact on the record, or by notifying all Parties in writing within (30) days of receipt by the deponent or the deponent's counsel of the transcript of the specific pages and lines of the transcript that contain CONFIDENTIAL information. All deposition testimony given in this matter shall be treated as CONFIDENTIAL pending expiration of this thirty (30) day-period. Deposition testimony designated CONFIDENTIAL shall be given to no one except persons to whom disclosure may be made pursuant to paragraph 9 of this Order. Any testimony designated CONFIDENTIAL shall be marked, treated, used and disclosed only as provided in this Order.

7. Neither the designation by a Party of any document, information or deposition testimony as CONFIDENTIAL hereunder, nor its receipt by the other Party, shall constitute a concession that the document, information or deposition testimony is CONFIDENTIAL. In the event that any Party to this matter objects at any point in these proceedings to the designation of any document or information as CONFIDENTIAL, the Party shall state the grounds for the objection. The Parties shall thereafter try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party asserting confidentiality may seek appropriate relief from this Court within thirty (30) days after the objection is received, including an order

1163660_1                                         3

that the documents should be treated as CONFIDENTIAL or that specified provisions of this Order shall apply to the document or information. However, all documents, information and deposition testimony designated as CONFIDENTIAL shall be maintained as such until the expiration of the thirty (30) day-period following the objection, or if a motion is filed seeking confidentiality within the thirty (30) day-period until the Court makes its determination on the motion.

8. Nothing in this Order shall prevent disclosure beyond the terms of this Order by the Party designating the information as CONFIDENTIAL or with the written consent of the designating Party.

9. Documents designated as CONFIDENTIAL by the producing Party or third-Party witnesses and all information contained therein shall be kept confidential by the receiving Party or Parties, shall be used solely for the prosecution, defense or settlement of this matter, and shall be disclosed only to:

    a. this Court and its staff before whom this matter, or any appeal thereof is pending;

    b. the jury in this matter;

    c. any Party, or an officer, director, or employee of a Party, deemed necessary by counsel to aid in the prosecution, defense, or settlement of this matter;

    d. counsel for a Party (including the paralegal, clerical and secretarial staff employed by counsel);

    e. an expert or consultant (together with his or clerical staff) retained by counsel to assist in the prosecution, defense, or settlement of this matter;

    f. court reporter(s) employed in this matter;

    g. a witness at a deposition or other proceeding in this matter; and

    h. any other person as to whom the Parties may agree in writing.

10.     Before making disclosure of Confidential Information to any witness not a Party to this litigation or to any outside consultant or expert retained for the purpose of assisting in the preparation for trial or settlement, agreement in writing (per the form attached as <u>Exhibit A</u>) must be obtained from these individuals reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions. If the Court requires that the identity of outside experts and consultants be disclosed, a copy of all agreements to be bound which have been executed by such persons shall be furnished to the Parties upon request.

11.     In the event either Party should wish to file with the Court any document designated as CONFIDENTIAL, that Party should make every effort to redact any information which deems the document CONFIDENTIAL to obviate needing leave of Court to file the document under seal. Should any Party wish to file with the Court any document designated as CONFIDENTIAL pursuant to Paragraphs 2 through 6 above in any affidavits, briefs, memoranda or other papers filed in Court in the Matter, and that Party is unable to redact the information that deems the document CONFIDENTIAL, the Party shall notify the opposing Party of its intent to do so. The Party wishing to file any document designated as CONFIDENTIAL shall also move this Court for leave to file the documents under seal pursuant to the applicable court rules (specifically Local Rule 5.8) and orders pertaining to the filing of documents under seal, and shall comply with the applicable court rules and orders describing the procedure for filing documents under seal (specifically Local Rule 26.2). If the motion for leave to file any document under seal is granted, the filed document shall be kept by the Clerk under seal and shall be made available only to the Court and to the persons authorized by this Order to have access thereto from the time of filing until sixty-three (63) days following the final disposition of the matter, including any appeals. Thereafter, unless the designated documents are retrieved by

1163660_1                                5

the producing Party, any special treatment under this Order will be rescinded pursuant to Local Rule 26.2(g).

12. In the event of a disclosure of CONFIDENTIAL documents or materials to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the Party responsible for having made such disclosure shall immediately procure the return of the material, and inform counsel for the designating Party whose CONFIDENTIAL information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible Party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the CONFIDENTIAL information occurs. The inadvertent or unintentional disclosure of CONFIDENTIAL information by any Party, or their agents, representatives, consultants, experts, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of such Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon discovery that a Party has inadvertently disclosed CONFIDENTIAL information, the disclosing Party shall have fourteen (14) days from the date of discovery to mark the inadvertently disclosed information CONFIDENTIAL in accordance with the provisions set forth herein. Any inadvertently disclosed information marked CONFIDENTIAL in accordance with this paragraph shall be subject to the same protections under this Order as if it were so marked prior to the inadvertent disclosure.

13. A disclosure by any Party to this Order of any Confidential Information: (a) in response to a valid order by a court or other governmental body, or (b) otherwise required by law, shall not be a breach of the terms of this Order; provided, such Party shall provide prompt

[Handwritten annotation at bottom:] SIS 06/14/08

1163660_1

[Handwritten footnote:] ✱ Any party or interested non-party may challenge the filing of material under seal. In the event of such a challenge, the party asserting confidentiality shall have the burden of proving the propriety of that designation.

written notice, at least one week prior to making such disclosure, to all named Parties to this matter enabling such Parties to seek a protective order or to otherwise prevent disclosure.

14.     Nothing in this Order shall bar or otherwise restrict any party to this litigation from invoking any privilege or other relevant objection, in connection with disclosure of information or from seeking such further relief from the Court as it may deem appropriate.

15.     This Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at a deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to HIPAA.

16.     Within forty-five (45) days after the entry of final judgment in this matter, including appeals or petitions for review:

   a.   the original and all copies of each document or information, and all summaries, digests and synopses of such documents or information, subject to this Order shall be returned to the producing Party or shall be destroyed; and

   b.   any documents subject to this Order that are deposited with the Clerk of this Court shall be withdrawn.

17.     This Order shall not prevent any Confidential Information from being used by the Court or counsel of record at any hearing in this matter or for being offered and reviewed into evidence at trial, subject to such confidentiality measures as the Court may then prescribe.

18.     Any party may apply to the Court for relief from, or modification of, this Order, for the removal of the confidential designation from any discovery materials, or extracts or portions thereof, for reclassification or for further protection of Confidential Information. The party asserting confidentiality shall have the burden of demonstrating the propriety of the Confidential designation. This Order is without prejudice to the rights of any party to object to

the production of documents or information which the party considers to be privileged or otherwise beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.

19. Nothing in this Order shall prevent any party or non-party from seeking a modification of this Order or objecting to Confidential Information which it believes to be otherwise improper.

Dated: 06/24/08

ENTER:

Magistrate Judge Sidney I. Schenkier

Agreed to by:

s/ Joshua W. Peterson
One of Plaintiff's Attorneys
Samuel J. Erkonen
Joshua W. Peterson
HOWE & HUTTON, LTD.
20 North Wacker Drive
Suite 4200
Chicago, Illinois 60606
(312) 263-3001
jwp@howehutton.com

/s/ Regina W. Calabro
One of Defendant's Attorneys
Frank J. Saibert
Regina W. Calabro
UNGARETTI & HARRIS LLP
70 West Madison Street
Suite 3500
Chicago, Illinois 60602
(312) 977-4400
rwcalabro@uhlaw.com

**EXHIBIT A**

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has received a copy of the Protective Order entered in *Dr. Thomas E. Cronin v. Alexian Brothers Health Network*, Case No. 08-C-2129, which is attached hereto as Exhibit 1, has read this Protective Order, and agrees to be bound by all of the provisions thereof.

_____     _____
Dated:                                                      (Signature)

                                                            _____
                                                            (Printed name)