

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. THOMAS E. CRONIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 2129 |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| ALEXIAN BROTHERS HOSPITAL ) | |
| NETWORK, an Illinois not-for profit ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff, Dr. Thomas E. Cronin, has filed this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*, based on actions that were allegedly taken by defendant, Alexian Brothers Hospital Network, in July 2005 and May 2007. Alexian Brothers has filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. # 18). Alexian Brothers's motion seeks to dismiss the allegations related to events occurring in July 2005 as untimely, on the ground that those alleged events took place more than 300 days before Dr. Cronin filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). For the reasons that follow, we grant Alexian Brothers's motion, and dismiss any claim for relief based on alleged actions that took place in July 2005. However, while no relief may be granted for those acts, we do not strike the allegations concerning events in July 2005; evidence concerning those events may be relevant to Dr. Cronin's timely age discrimination claim.

---

[1]On May 13, 2008, by consent of all the parties and pursuant to 28 U.S.C. § 636(c), the Executive Committee reassigned this case to this Court for all proceedings, including entry of final judgment (doc. # 16, 22).

## I.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the Court accepts all well-pled allegations of the complaint as true, and draws all reasonable inferences in the light most favorable to the moving party. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

Alexian Brothers hired Dr. Cronin in May 2000, when Dr. Cronin was 64 years old (Compl. ¶¶ 6-7, 9). During the course of his employment, Dr. Cronin met all job qualifications and performed his job as a doctor in a manner which fully met Alexian Brothers's legitimate expectations (*Id.* ¶ 8). In July 2005, Alexian Brothers transferred a significantly younger doctor into the same clinic as Dr. Cronin to take his position (*Id.* ¶ 9). At that time, Alexian Brothers substantially cut Dr. Cronin's clinic hours and transferred him to the sales and marketing department, a position for which he claims he was not qualified (*Id.* ¶ 10). On or about May 30, 2007, Alexian Brothers officially terminated Dr. Cronin's position in sales, and relegated him to work in the clinic on an as-needed based (*Id.* ¶ 11).

On January 15, 2008, Dr. Cronin filed a charge with the EEOC, alleging that Alexian Brothers's actions in both July 2005 and May 2007 constituted age discrimination (Compl. ¶ 15 and Ex. A). Dr. Cronin received his Notice of Right to Sue on January 17, 2008 (*Id.*, ¶ 17 and Ex. B). Dr. Cronin then filed his complaint, seeking relief for the events that allegedly occurred in July 2005 and May 2007.

## II.

Defendant moves to dismiss the portions of the complaint regarding events occurring in May 2005 on the ground that those events may not form the basis for relief, because they occurred more than 300 days before Dr. Cronin filed his EEOC charge on January 15, 2008. We note that because "a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations," it is "'irregular' to dismiss a claim as untimely under Rule 12(b)(6)." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006). That said, "dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Id.*

That is precisely what Dr. Cronin has done here with respect to the alleged events of July 2005. The administrative statute of limitations in age discrimination law is 300 days for cases filed in Illinois. *Davidson v. Board of Governors*, 920 F.2d 441, 442 (7th Cir. 1990). The statue of limitations begins to run when a "discrete unlawful practice" occurs. *Ledbetter v. Goodyear Tire & Rubber Co.*, ___ U.S. ___, 127 S.Ct. 2162, 2169 (2007). The events that Dr. Cronin says took place in July 2005 – giving his position at the clinic to a significantly younger person, substantially cutting his clinic hours, and transferring him to a position for which he was not qualified – plainly qualify as alleged unlawful events. *See, e.g., Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (examples of discrete practices include "termination, failure to promote, denial of transfer, [and] refusal to hire"). Those events were sufficient to put Dr. Cronin on notice of alleged age discrimination, and thus triggered the 300-day statute of limitation period. The complaint establishes that the EEOC charge was filed long after that period had passed. Thus, Dr. Cronin's

own pleadings establish that his complaint is time-barred insofar as it seeks relief for the events that allegedly occurred in July 2005.

### III.

Dr. Cronin offers two arguments to resist this conclusion. We have considered those arguments, and find them unpersuasive.

*First*, Dr. Cronin argues that in the Seventh Circuit evaluation of a motion to dismiss for an employment discrimination claim no longer contains a "plausibility" component, and therefore the complaint should survive because it contains sufficient detail to place the defendant on notice of the claims against it (Pl.'s Mem. 3-5). That argument misreads Seventh Circuit law. In *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773 (7th Cir. 2007), a Title VII case, the appeals court read the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007), as creating a two-part test for determining whether a complaint survives a motion to dismiss: (1) the complaint must have enough detail "to give the defendant fair notice of what the claim is and the grounds upon which it rests," and (2) the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Concentra*, 496 F.3d at 776. Dr. Cronin's speculation that the Seventh Circuit would not continue to employ the plausibility prong of this standard in employment law cases (Pl.'s Mem. at 4) has been proven wrong by the recent decision in *Tamayo*, in which the Seventh Circuit again applied both prongs of that standard in an employment law case brought under Title VII and the Equal Pay Act. *Tamayo*, 526 F.3d at 1083. We agree with Dr. Cronin that his allegations satisfy the "fair notice" proving of the *Concentra* test (Pl.'s Mem. at 5-6). But, by pleading details that show his claim based on events in

July 2005 is untimely, Dr. Cronin has failed the "plausibility" prong and thus has pled himself out of court on that claim.

*Second*, Dr. Cronin argues that he is entitled to discover facts that could enable him to make a claim of equitable tolling (Pl.'s Mem. at 7-9). We disagree. Equitable tolling allows the plaintiff to avoid an otherwise-applicable statute of limitations if "despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir 1990). To determine whether the plaintiff lacked vital information, "a court should ask whether a reasonable person in the plaintiff's position would have been aware that he had been fired in *possible* violation of the ADEA." *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994) (emphasis in original). Dr. Cronin's allegations demonstrate that he was well aware in July 2005 that a younger doctor was brought into the clinic; that Dr. Cronin's clinic hours were substantially cut; and that he was shunted off to an undesirable job in sales and marketing. Contrary to Dr. Cronin's argument, these facts do not suggest "an inconspicuous, latent attempt to phase out the old doctor" (Pl.'s Mem. 8). No discovery is needed to conclude that the allegations show conduct that would cause a reasonable person to be aware of possible age discrimination. The allegations do not "plausibly suggest" a basis for equitable tolling.[2]

### IV.

Finally, we note that granting dismissal of Dr. Cronin's claim for relief based on the alleged July 2005 events does not eliminate those events from the case. While "discrete acts that fall within

---

[2] Dr. Cronin also argues in the alternative that the court should convert Alexian Brothers's Rule 12(b)(6) partial motion to dismiss into a Rule 12(e) motion for a more definitive statement. A Rule 12(e) motion is properly used when the claim contains a "major ambiguity or omission…which renders it unanswerable." 61A AM. JUR. 2D *Pleading* §191 (2008). As we have explained, no such ambiguity appears here. To the contrary, it is clear that the July 2005 events occurred well outside the 300-day limitations period, and that there is no basis for equitable tolling.

5

the statutory time period do make timely acts that fall outside the time period," *Morgan*, 536 U.S. at 112, acts that fall outside the time period may be relevant to prove that acts within the statutory time period were discriminatory. *Id.* at 113 (the statute of limitations does not "bar an employee from using the prior acts as background evidence in support of a timely claim"). Thus, we do not foreclose Dr. Cronin from conducting discovery into the events of July 2005 (or into other acts that occurred more than 300 days prior to the filing of the EEOC charge).

## CONCLUSION

For the reasons given above, Alexian Brothers's partial motion to dismiss (doc. # 18) is granted. Dr. Cronin may not seek relief for acts that allegedly occurred in July 2005.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: July 17, 2008